FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JANICE MARTIN,

      Plaintiff-Appellant,

v.

CITY OF TULSA; CHUCK
JORDAN; CPL FRANCETIC; JOHN
DOE,

      Defendant-Appellees.

No. 16-5146
(D.C. No. 4:15-CV-00366-JED-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

When Ms. Martin sued, the federal rules of civil procedure required

her to serve the defendants within 120 days of service. *See* Fed. R. Civ. P.

---

[*]    Oral argument would not be helpful in this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

4(m) (2015).[1] The plaintiff didn't. So, over thirteen months after Ms. Martin sued, the district court dismissed the action without prejudice for failure to timely serve the defendants.

The plaintiff appeals, arguing that her underlying claim is valid. It may be, but the district court could not grant relief in the absence of service of process.

When 120 days elapsed from the filing of the complaint, the federal rules required the district court to either order dismissal without prejudice or order service within a specific-time-period. *See* Fed. R. Civ. P. 4(m) (2015). The district court complied, ordering service by July 22, 2016, and warning that failure to comply would result in dismissal without prejudice. Ms. Martin failed to take any action by July 22, 2016. So, over one month after the court's deadline expired, the district court did what it had warned, dismissing the action without prejudice. This dismissal reflected a proper exercise of authority under the federal rules of civil procedure. Thus, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] Roughly five months after Ms. Martin filed the complaint, the service deadline was shortened to 90 days. *See* Fed. R. Civ. P. 4(m) (eff. Dec. 1, 2015)